## SUPREME COURT.

RICART agt. TOWNSEND, and CLAPP & HOWARD, Administrators
of CLAPP.

Under the Code, it is no misjoinder of parties, to unite the surviving partner
with the representatives of the deceased partner, in an action on a contract
made by the copartnership, when in existence. (*It was otherwise under the
former system of pleading and practice.*)

The prayer of the complaint in such action, should clearly define the grounds
of relief against each party.

*New York Special Term, April* 1852. This was an action on
a contract made by the firm of Clapp & Townsend, which con-
sisted of Ruell Clapp, deceased, and the defendant Townsend.
The suit was brought against the surviving partner and the
representatives of the deceased partner, for a breach of the con-
tract, and the prayer of the complaint was for " damages against
the defendants, $15,000, besides costs," &c.

The defendant demurred on the ground of a misjoinder of par-
ties, insisting that the action could be brought only against the
surviving partner.

H. DRESSER, *for Defendants.*

C. A. BURLING, *for Plaintiff.*

EDMONDS, Justice.—Under the old practice, the creditor of a
partnership situated as this is, could not have all the remedy to
which he might be entitled, without resorting both to proceed-
ings at law and in equity.

To reach the individual liability of the surviving partner, the
resort was to an action at law, as it was, to reach the partner-
ship property which vested in the surviving partner, and could
be reached only through him.

To reach the liability of the deceased partner resort must be
had to an action in equity, against his representatives, in which
the surviving partner might be made a party, because he was
interested to keep down the amount of debts, but no decree could
be had against him, because the remedy against him was at law.

Ricart agt. Townsend and others.

This circuity of action and multiplication of remedies grew up gradually and of necessity, to remedy defects in the administration of justice in the courts of law arising from their rules of practice, but there was no good reason for upholding it a moment longer than such necessity existed.

The first step towards removing that necessity was in the union of the law and equity jurisdiction in the same court by the constitution, and the next was in the remodeling of the practice by the Code.

Section 118 of the Code allows any person to be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein, and under it, when a misjoinder of parties is objected, the inquiry must necessarily be, has the party an interest in the controversy adverse to the plaintiff? or does he claim such an interest? or is he a necessary party to a complete determination of the questions, whatever they are, which are involved in the controversy? If either of these questions are answered in the affirmative, the person is properly made a party. And the question raised by this demurrer must be tested in this manner, and being so tested, it becomes at once evident that there is no misjoinder of parties.

If the action is brought to reach the partnership property, the surviving partner is a necessary party, and the representatives of the deceased partner are properly made parties, because they have an interest in the controversy.

If it is brought to reach the individual liability of the deceased partner, the surviving partner is a proper party, because he is interested to keep down the debts, and might be liable to contribute to the estate of his former partner his share of the debt.

If it is brought to enforce the liability both of the partnership property, and of the partners individually, then the surviving partner, and the representatives of the deceased, are necessary parties, and under § 122 of the Code, it would seem that the respective rights and liabilities of all the parties may be determined in this action.

Be that, however, as it may, I see no objection to the joinder of all these parties in this suit, and I see no difficulty in the way

of the courts rendering therein the same judgment that would have been rendered in the two suits, one at law and the other in equity, which were necessary under the old practice.

It may, perhaps, be necessary for the plaintiff to amend the prayer of his complaint, so as to specify more particularly what is the relief which he seeks against each party; as to the surviving partner, whether he aims at reaching the partnership property through him as survivor, or merely makes him a party in his effort at reaching the individual liability of the deceased partner; and as to the representatives of that partner, whether the object is to enforce his individual liability, by and through his estate in their hands, or whether they are merely made parties in the effort to reach the partnership property.

In these respects it may be necessary to make the prayer for relief more definite, as at present it is very general, and might involve a personal liability of the representative.

Yet even if in this respect the complaint is imperfect, that is not an error that is available on this demurrer. The proper remedy is by motion to make the complaint more definite.

The ground taken by the demurrer is the misjoinder of the surviving partner with the representatives of the deceased partner, and I have already said that is not well taken.

The demurrer must be overruled, with costs.